[834 NYS2d 523]

In the Matter of ANTHONY J. FAUCI, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 17, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*James T. Shed* of counsel), for petitioner.

*Howard Benjamin* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Anthony J. Fauci was admitted to the practice of law in the State of New York by the First Judicial Department on November 1, 1999. At all times pertinent to this proceeding respondent maintained an office for the practice of law within the First Judicial Department.

In a previous order, this Court suspended respondent from the practice of law for three years for falsely notarizing his own bar application and repeating false testimony thereon, holding himself out as an attorney and engaging in the unlawful practice of law prior to his bar admission, committing escrow violations, and failing to answer a disciplinary complaint (*Matter of Fauci*, 28 AD3d 192 [2006]).

The Departmental Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.11 accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys. An attorney who is the subject of an investigation or pending disciplinary proceeding may resign

from the practice of law by submitting an affidavit of resignation to the Committee stating his intention to resign (see 22 NYCRR 603.11 [a]).

Respondent avers his resignation is voluntary, free from coercion or duress, and he is fully aware of the implications of submitting his resignation. Respondent acknowledges he is aware of several other pending disciplinary investigations which came to the Committee's attention after the matters for which he was suspended had already been submitted to this Court. Respondent admits that he knowingly used forged and altered documents to persuade a client that he had obtained a favorable judgment, when in fact, respondent's firm had negligently handled the case. Respondent pleaded guilty to the reduced misdemeanor charge of criminal possession of a forged instrument in the third degree (Penal Law § 170.20). As a condition of his guilty plea, respondent promised to resign from the bar, and he was sentenced to a conditional discharge. Other pending investigations relate to respondent's unauthorized service as an Assistant District Attorney in the Bronx and false and misleading deposition testimony, failure to disclose previous legal-related employment on his bar admission application, neglect of a client's medical malpractice action, and the failure to honor a lien in another client's personal injury action. Respondent acknowledges that he cannot successfully defend himself on the merits against any charges predicated on these additional allegations of professional misconduct.

There is no basis to make respondent's disbarment effective as of the date of the prior suspension order as that order involved entirely separate misconduct from the additional, serious misconduct now presented on this application.

Respondent's affidavit of resignation complies with 22 NYCRR 603.11. Accordingly, the Committee's motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys, effective nunc pro tunc to January 23, 2007.

TOM, J.P., FRIEDMAN, MARLOW, WILLIAMS and BUCKLEY, JJ., concur.

Respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 23, 2007.